996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 24124 LEMAY ST., WEST HILLS, CA, Defendant,
Robert W. Walters, Claimant-Appellant.
 
 No. 92-55037.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 14, 1993.
 Before: KOZINSKI, SILER** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 1. In forfeiture actions under 21 U.S.C. § 881, the government must demonstrate "probable cause to believe that the property was involved in an illegal drug-related transaction." United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1362 (9th Cir.1986). Here, the government met that burden by citing appellant's own admissions that he grew 108 marijuana plants in a hydroponic garden in his garage, Deposition of Robert W. Walters, July 17, 1991, at 6, 9, 13, and a two to three foot marijuana plant in his bathroom, id. at 16. See also Statement of Uncontroverted Facts, ER 109.
 
 
 3
 2. Appellant has adduced no evidence suggesting the state search warrant was granted on insufficient probable cause. Nevertheless, his admission when repeated under oath--nine months after the search and with counsel present--"was sufficiently an act of free will to purge the primary taint of the unlawful [search]." Wong Sun v. United States, 371 U.S. 471, 486 (1963).
 
 
 4
 3. Appellant concedes his Eighth Amendment argument has been rejected by this court, United States v. Tax Lot 1500, 861 F.2d 232, 235 (9th Cir.1988), but urges us to reexamine the issue in light of Browning-Ferris Industries v. Kelco Disposal, Inc., 492 U.S. 257 (1989). Nothing in Browning-Ferris calls into question our earlier rulings on this point. We therefore have no authority to reconsider them here, even were we inclined to do so.
 
 
 5
 The Supreme Court will address this issue in Austin v. United States, No. 92-6073 (U.S. argued Apr. 20, 1993). If Austin validates appellant's Eighth Amendment argument, appellant may petition for rehearing. The clerk shall hold the mandate until July 19, 1993.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3